UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHNSON CONTROLS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.  13-13443 |
| ) | Hon. Lawrence P. Zatkoff |
| ) | |
| RONALD J. ODOM, ) | |
| ) | |
| Defendant. ) | |

**TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE**

At a session of said Court held in the City of Port Huron,
County of St. Clair, State of Michigan on August 14, 2013

Present:       Honorable Lawrence P. Zatkoff
                United States District Judge

On August 12, 2013, Plaintiff filed a Motion for Temporary Restraining Order and Brief in Support Thereof (Docket #5) and a Verified Complaint alleging: (1) Defendant Ronald J. Odom has disclosed Plaintiff's confidential documents and trade secrets, and (2) Plaintiff may suffer irreparable harm as a result of Defendant's disclosure of Plaintiff's confidential information and trade secrets. Plaintiff's counsel represents that it has provided Defendant with a copy of its Motion, Brief and Verified Complaint, but Plaintiff is unaware of whether Defendant has legal counsel at this time.

**I.  LEGAL STANDARD**

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

    (1)    whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

    (2)    whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

    (3)    whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

    (4)    whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

## II. ANALYSIS

After having reviewed Plaintiff's Verified Complaint, Motion for Temporary Restraining Order, the Brief in Support thereof, and exhibits thereto (collectively, "Plaintiff's papers"), and the same having been considered by the Court, the Court concludes that:

    1. Plaintiff has satisfied the required factors for issuance of a temporary restraining order to enjoin Defendant from disclosing confidential information and trade secrets of Plaintiff to any third party, as it appears to the Court based on Plaintiff's papers that:

        a. There is a substantial likelihood that Defendant has disclosed confidential information and/or trade secrets of Plaintiff to, at least,

Wildcat Licensing, LLC, which disclosure(s) are in violation of written agreements Defendant entered into with Plaintiff and Michigan law;

b. Plaintiff will be irreparably harmed by Defendant's disclosure, and continued disclosure, of Plaintiff's confidential information and/or trade secrets based on the nature of the content and nature of the information disclosed;

c. The issuance of the temporary restraining order will not harm any third parties because Plaintiff has the right to control to whom the confidential information and trade secrets of Plaintiff is disclosed; and

d. The public interest would be served by the issuance of the temporary restraining order in that the confidential information and trade secrets of a company are entitled to confidentiality, as reflected both in written agreements Defendant entered into with Plaintiff and Michigan law.

### III. CONCLUSION

NOW THEREFORE, for the reasons stated above, IT IS ORDERED that:

(1) Defendant is hereby enjoined from disclosing confidential information and trade secrets of Plaintiff;

(2) The Court shall enforce non-disclosure and confidentiality agreements between Plaintiff and Defendant;

(3) Defendant shall to return to Plaintiff all confidential information and/or trade secrets of Plaintiff in Defendant's possession;

(4) Plaintiff shall be permitted to take a deposition of Defendant within ten days of the date of this Order to determine the extent to which he has disclosed Plaintiff's confidential information and/or trade secrets;

(5) Defendant show cause before this Court, in the Federal Building, 526 Water Street, Port Huron, MI 48060, on Tuesday, August 20, 2013, at 10:00 a.m., why a preliminary injunction should not be issued as requested upon the same or similar terms provided in this Order;

(6) A certified copy of this Order to Show Cause be served on Defendants on or before August 15, 2013, and that proof of such service be filed with the Court immediately upon completion of such service;

(7) Any responsive pleadings shall be filed with the Court and served upon Plaintiff electronically on or before 12:00 p.m. on August 19, 2013; and

(8) Plaintiff shall submit a bond (or surety bond) in the amount of $10,000, prior to service of the Verified Complaint, Motion for Temporary Restraining Order and this Temporary Restraining Order on Defendants, but in any event such bond or surety bond shall be posted by 5:00 p.m. on August 15, 2013.

IT IS SO ORDERED.

Dated:  August 14, 2013 at 1:06 p.m.            s/Lawrence P. Zatkoff
                                                Lawrence P. Zatkoff
                                                United States District Judge

.