**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

JOHNSON CONTROLS, INC.,       )

Plaintiff,      )

v.      )      Civil Action No. 2:13-cv-13443

RONALD J. ODOM,      )

Defendant.      )

**INTERIM EX PARTE PROTECTIVE ORDER**

This matter having come before the Court on Plaintiff's Ex Parte Motion for Protective Order;

IT IS HEREBY ORDERED that Plaintiff may file its confidential, sensitive and proprietary documents under seal as referenced in the Verified Complaint and Ex Parte Motion for Temporary Restraining Order concurrently filed herewith.  The parties and the Court shall treat all such documents as confidential and they shall be maintained under seal in compliance with the following terms until further order of the Court.

**1. Introduction and Scope**

This Order shall govern all documents and things (whether or not embodied in any physical medium) exchanged during this action, including but not limited to documents produced by the Parties or non-parties, testimony taken at a hearing or other proceeding, and discovery, including but not limited to deposition testimony, interrogatory answers, initial and supplemental disclosures, and responses to requests for admission.

## 2.   Confidential Information

Confidential Information shall include any Confidential Information that Ron Odom learned, obtained or developed in connection with his employment for the Plaintiff (such as specifications, financial data, personnel information, market information, business arrangements and other non-public or proprietary information) concerning the company or its products, services, processes or customers, or any Confidential Information disclosed to the company by third parties. Such information shall include materials the Plaintiff reasonably believes not to be in the public domain and contains any trade secret or other confidential, strategic, research, development, or commercial information. For purposes of this Order, "CONFIDENTIAL" shall mean all information or material the Plaintiff considers to constitute or to contain trade secrets or other confidential research, analysis, development, strategic, commercial, or other information, whether embodied in physical objects, documents, or the factual knowledge of persons.

## 3.   Disclosure of "CONFIDENTIAL" Discovery Material

Protected Information that has been designated "CONFIDENTIAL" and such copies as are reasonably necessary for maintaining, defending, or evaluating this case may be furnished and disclosed to:

(i) The Receiving Party's Outside Counsel;

(ii) Designated in-house counsel for the Plaintiff

(iii) Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

**4.** **Disclosure to the Court or Jury**

No Receiving Party or other person receiving any Protected Information in accordance with this Order shall disclose or permit the disclosure of any such Protected Information to any other person or entity, except as provided below.

Disclosure of Protected Information may be made to this Court, its personnel, and the jury for this case. Nevertheless, any Discovery Material designated as Protected Information that is filed and/or electronically filed ("e-filed") with the Court shall be filed and/or e-filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Order. A Party e-filing any paper that reflects or contains any Protected Information shall file such paper according to the local rules. Disclosure of Protected Information may be made to court reporters, independent shorthand reporters, videographers, interpreters, or translators engaged for depositions or proceedings necessary to this case.

_____

S/LAWRENCE P. ZATKOFF

United States District Judge

Dated: August 14, 2013