UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHNSON CONTROLS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 13-13443 |
| ) | Hon. Lawrence P. Zatkoff |
| ) | |
| RONALD J. ODOM, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

At a session of said Court held in the City of Port Huron,
County of St. Clair, State of Michigan on September 4, 2013

Present:   Honorable Lawrence P. Zatkoff
             United States District Judge

After the close of the Court's day on September 3, 2013, Wildcat Licensing WI LLC ("Wildcat") filed a motion for emergency relief to allow Wildcat to attend and participate at a deposition of Defendant (Docket #18). The Court opened Wildcat's motion this morning. Defendant's deposition is scheduled for tomorrow morning, at 9:30 a.m.

From December 1996 to February 2009, Defendant worked for Plaintiff as an Advanced Manufacturing Engineer and Senior Advanced Manufacturing Engineer. During the course of his employment, Defendant was exposed to Plaintiff's confidential information, including, but not limited to, specifications, financial data, personnel information, market information, business arrangements, and other non-public or proprietary information. On December 2, 1996, Defendant signed a document titled "Non-Disclosure Agreement." On February 2, 2009, Plaintiff terminated Defendant's employment. As a part of his termination, Defendant reviewed

1

and signed a document titled "Confidentiality Reminder." On February 2, 2009, Defendant also completed an Exit Interview Questionnaire, wherein he indicated that he reviewed the Confidentiality Reminder.

Wildcat is not a party to this action, but Wildcat did retain Defendant as a consultant in a separate 2013 lawsuit brought by Wildcat against Plaintiff. Wildcat now asserts that: (1) it has a confidential relationship with Defendant; (2) Wildcat has a right to cross-examine Defendant to protect Wildcat's rights; (3) fairness dictates that Wildcat be allowed to attend Defendant's deposition to ensure that Plaintiff does not take action to Wildcat's detriment; and (4) Wildcat's presence would not result in annoyance, embarrassment, oppression, or undue burden or expense and there is no cause for a protective order under Federal Rule of Civil Procedure 26. The Court finds Wildcat's requests unwarranted.

First, this is an action about confidential information and trade secrets that Defendant is accused of sharing with Wildcat, in violation of multiple agreements Defendant entered into with Plaintiff. The very purpose for Plaintiff taking Defendant's deposition is to ensure that Defendant has not already shared Plaintiff's confidential information and trade secrets with Wildcat (and perhaps others). It defies common sense to allow Wildcat to attend a deposition that would allow Wildcat access to information that Defendant may be barred from sharing with Wildcat. Second, Wildcat is not a party to this cause of action, nor has Wildcat sought to intervene in this cause of action, yet it not only seeks to attend the deposition, it moves to be allowed to participate at the deposition by, at a minimum, cross-examining Defendant. Wildcat cites no authority for its request that it be able to depose Defendant at a deposition in this case, which is between only Plaintiff and Defendant.

Third, Wildcat cites only two sources of legal authority in support of its motion; those cases allowed third parties only to attend the deposition (not participate at the deposition). Significantly, neither of those cases is controlling or applicable in this case. This case centers on confidential information and/or trade secrets, not whether the presence of third parties would result in "annoyance, embarrassment, oppression, or undue burden or expense" to the parties to the litigation, as was the focus of the courts in the two cases cited by Wildcat. Finally, the Court notes that it has already entered a protective order in this case (which Wildcat overlooks in its motion), wherein the Court stated that the protective order governed:

> [A]ll documents and things (whether or not embodied in any physical medium) exchanged during this action, including but not limited to documents produced by the Parties or non-parties, **testimony taken at a hearing or other proceeding, and discovery, including but not limited to deposition testimony**, interrogatory answers, initial and supplemental disclosures, and responses to requests for admission.

NOW THEREFORE, for the reasons stated above, IT IS ORDERED that Wildcat's motion for emergency relief to allow Wildcat to attend and participate at a deposition of Defendant (Docket #18) is DENIED.

IT IS SO ORDERED.

                                                s/Lawrence P. Zatkoff
                                                Lawrence P. Zatkoff
                                                United States District Judge

Dated: September 4, 2013
 .